**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 16-4224

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
FILED
Aug 16, 2017
DEBORAH S. HUNT, Clerk
```

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR |
| DONALD JESSIE, | ) THE SOUTHERN DISTRICT OF |
| | ) OHIO |
| Defendant-Appellant. | ) |
| | ) |
| | ) |

O R D E R

Before:  McKEAGUE and WHITE, Circuit Judges; HOOD, District Judge.*

Donald Jessie, a federal prisoner proceeding through counsel, appeals from the district court's sentence following the revocation of his supervised release.  The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed.  *See* Fed. R. App. P. 34(a).

In January 2006, Jessie pleaded guilty in the United States District Court for the Southern District of West Virginia to conspiracy to possess with intent to distribute more than fifty grams of cocaine and hydrocodone in violation of 21 U.S.C. § 846.  *See United States v. Jessie*, 656 F. App'x 97, 98 (6th Cir. July 27, 2016).  He was sentenced to 196 months in prison to be followed by five years of supervised release.  *Id*.  His prison term was later reduced and he was released

---

*The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

under supervision in January 2011. *Id*. Jurisdiction over his supervised release was subsequently transferred to the District Court for the Southern District of Ohio. *Id*.

From February 2015 to June 2016, Jessie violated the conditions of his supervised release six times, including an arrest for felonious assault for shooting a man in the leg. Based on those violations, the district court revoked Jessie's supervised release and sentenced him to forty-eight months in prison: thirty-seven months for the felonious assault to run consecutively to concurrent eleven-month terms for each of the other five violations.

Jessie appealed, arguing among other things that the district court had improperly calculated the guidelines range for his supervised release violations. *See id.* at 102. We agreed and found that, under the sentencing guidelines, the most serious violation controls for sentencing calculations. *Id*. at 103. Because the district court apparently considered the sentencing ranges for both the Grade A felonious assault and the five Grade C violations, it erroneously calculated a maximum recommended sentence of forty-eight months. Instead, it should have relied solely on the Grade A violation and capped the sentencing range at thirty-seven months. *Id*. We affirmed the district court's finding that Jessie had violated the conditions of his supervised release but reversed the sentence and remanded for resentencing. *Id*. at 109.

On remand, the district court properly calculated a guidelines range of thirty to thirty-seven months in prison, but varied upward eleven months and again imposed a forty-eight-month sentence. Neither party objected. Jessie now appeals, arguing that the district court's new sentence is procedurally unreasonable because the court failed to explain how it justified the eleven-month upward variance.

We normally review the sentence imposed by a district court for procedural reasonableness under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Freeman*, 640 F.3d 180, 185 (6th Cir. 2011). But where, as here, the defendant does not object to his sentence when given the opportunity to do so, we review the sentence for plain error. *United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004). We ask: 1) whether an error occurred in the district court; 2) whether the error was plain, that is, clear and obvious under current law; 3) whether the plain error affected the defendant's substantial rights;

and 4) whether the plain error affected those substantial rights so seriously as to affect the fairness, integrity, or public reputation of judicial proceedings. *See Johnson v. United States*, 520 U.S. 461, 466-67 (1997).

A sentence is unreasonable when the district court makes a "significant procedural error such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence," *Gall*, 552 U.S. at 51, "including an explanation for any variance from the guidelines range." *United States v. Grossman*, 513 F.3d 592, 595 (6th Cir. 2008). "Although a sentence that falls within the Guidelines range warrants a presumption of reasonableness in this circuit, there is no presumption against a sentence that falls outside of this range." *United States v. Herrera-Zuniga*, 571 F.3d 568, 590 (6th Cir. 2009). When the judge imposes "an outside-Guidelines sentence . . . he [or she] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50. Jessie argues that the district court's explanation at resentencing was inadequate to support the eleven-month upward variance.

At the first sentencing hearing, the district court explained its reasoning for imposing what it apparently believed to be the maximum within-guidelines sentence: "defendant was convicted of a serious drug conspiracy . . . and he was held accountable for 5[,]533 kilograms equivalent of marijuana"; he "received a two-level enhancement for possession of a firearm"; "one person was killed and another was shot by him during the course of the conspiracy . . . although the State murder charges were later dismissed in light of his claim of self-defense"; "his violation conduct in this case constitutes a serious breach of the trust reposed in him"; he "has a previous conviction of possession of cocaine in 2003 and two prior arrests for domestic assault"; he "left the state without the permission of his Probation Officer and filed a false report"; and "the sentence imposed on the defendant in the original drug conspiracy case, as later reduced, was not adequate to promote respect for the law or to afford adequate deterrence or to protect the public . . . and . . . an additional substantial sanction is required."

No. 16-4224
- 4 -

At resentencing, the district court explained its reasoning for imposing an eleven-month upward variance from the maximum guidelines sentence: "defendant was convicted of a serious crack cocaine conspiracy. He was held accountable for 5,533 kilograms of marijuana equivalent"; he "received a two-level enhancement for possession of a firearm"; "one person was kil[l]ed by the defendant and another was shot by him during the offense . . . although the State murder charges were later dismissed due to his claim of self-defense"; "[t]he violations conducted now before the Court constitutes a serious breach of trust reposed in this defendant"; he "has previous convictions for possession of cocaine and two prior domestic assaults"; he "left the State without the permission of his Probation Officer, and he filed a false report"; "the sentence imposed on this defendant during his drug conspiracy case and later reduced was just not adequate to promote respect for the law and to afford adequate deterrence and to protect the public from the defendant"; and "[a] substantial sanction is warranted."

Jessie asserts that the district court used the same explanation at both the first and second sentencing hearings to support both sentences. That is apparently true. The court essentially quoted itself from the transcript of the first sentencing hearing. It concluded that, "[a]t the previous sentencing hearing [forty-eight months] was appropriate, and upon giving the matter further consideration . . . the Court nevertheless continues to feel that a sentence at [forty-eight] months, although it is an upward variance, it is an appropriate sentence."

The government argues that the district court merely concluded that the properly-calculated guidelines range "failed to adequately reflect the applicable sentencing factors." It cites several cases in which an upward variance was deemed appropriate in light of a defendant's violation of supervised release and past violent crime and construes Jessie's complaint not as "a lack of reasons, but . . . a lack of *new* reasons."

In his reply brief, Jessie cites *United States v. Christman*, 607 F.3d 1110, 1122-23 (6th Cir. 2010), for the proposition that a court acts unreasonably when it views the same factors differently at resentencing without explaining how its view changed. His argument is unpersuasive. In *Christman*, the district court imposed a fifty-seven-month sentence and then, after this court determined that the district court had relied on impermissible information at

No. 16-4224
- 5 -

sentencing, resentenced the defendant to a five-day term. 604 F.3d at 1113-17. On appeal from the resentencing, this court found that the district court failed to adequately explain the reasoning for its dramatic change in sentences. *Id*. at 1123. Here, the district court imposed the exact same term for the exact same reasons cited in the initial sentencing. Far from inexplicable, that the district court should arrive at the same sentence after considering the same factors is eminently reasonable.

Indeed, the court explained that the new sentencing range was inadequate in light of the § 3553 factors and varied upward. The district court's reasons supported its upward departure in light of Jessie's long criminal history of violent offenses and drug conspiracy, and his repeated violations of the conditions of parole indicate a lack of respect for his sentence and support the district court's contention that additional punishment was necessary. Nothing more is required. *See United States v. Butler*, 743 F.3d 645, 648 (8th Cir. 2014).

Finally, any alleged failure by the court to clearly distinguish its specifc reasoning for the upward variance did not affect Jessie's substantial rights: "A sentencing error affects a defendant's substantial rights when there is a reasonable probability that, but for the error, []he would have received a more favorable sentence." *United States v. Wilson*, 614 F.3d 219, 223 (6th Cir. 2010). It cannot be said that, had the district court more completely explained its basis for the upward variance, Jessie's sentence would have been more favorable.

Accordingly, we **AFFIRM** the district court's sentence.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: August 16, 2017

Ms. Zenaida Renee Lockard
Federal Public Defender's Office
250 E. Fifth Street
Suite 350
Cincinnati, OH 45202

Ms. Alexis J. Zouhary
Office of the U.S. Attorney
221 E. Fourth Street
Suite 400
Cincinnati, OH 45202

Re: Case No. 16-4224, *USA v. Donald Jessie*
Originating Case No. : 2:13-cr-00253-1

Dear Counsel,

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Jill Colyer
Case Manager
Direct Dial No. 513-564-7024

cc: Mr. Richard W. Nagel
    Mr. Kevin Michael Schad

Enclosure

Mandate to issue